No. 27,130.

THE BOARD OF EDUCATION OF THE CITY OF PRATT, *Plaintiff*, v. THOMAS A. EUBANK, as County Superintendent, etc.; D. M. BUR-NETT et al., as County Commissioners, and GRACE McDOWELL, as County Clerk, *Defendants*.

SYLLABUS BY THE COURT.

1. SCHOOLS—*Taxation—Duty of County Superintendent to Make and Certify Levy*. On failure of the board of county commissioners to make a tax levy sufficient to produce the county high school fund provided for by section 1 of chapter 235 of the Laws of 1925, it is the duty ·of the county superintendent to make and certify to the county clerk a levy suitable to produce the statutory amount.

2. SAME—*Duty to Make Sufficient Levy—Insufficient Levy as Discharge*. Duty to make a levy suitable to produce the statutory amount in a given year is not discharged by an insufficient levy, and continues until a levy is made to make up the deficit resulting from the insufficient levy.

Original proceeding for a declaratory judgment. Opinion filed July 10, 1926.

*R. F. Crick, L. G. Turner* and *Max C. Bucklin*, all of Pratt, for the plaintiff. *William B. Hess*, of Pratt, for the defendants.

The opinion of the court was delivered by

BURCH, J.: The action is one for a declaratory judgment determining a controversy between the board of education of the city of Pratt and the taxing officials of Pratt county, relating to the levying of taxes for the county high-school fund.

Section 1 of chapter 235 of the Laws of 1925 reads as follows:

"That section 72-3005 of the Revised Statutes of Kansas for 1923 is hereby amended to read as follows: Sec. 72-3005. It shall be the duty of the county superintendent of public instruction on or before the 25th day of July in each year to certify to the board of county commissioners the number of teachers employed in the several high schools complying with the provisions of this act in the county during the year ending on the thirtieth day of June preceding, counting, for the purpose of this act, each superintendent and each principal as one teacher, and the county commissioners shall levy a tax, not in excess of the limit prescribed for this purpose by law, which levy shall be sufficient to produce an amount equal to $1,200 multiplied by the number of teachers employed during the preceding year in the high schools complying with the provisions of this act, which number shall have been determined and certified by the county superintendent as herein provided; and in case the county com-

Board of Education v. Eubank.

missioners shall fail to make such levy, then the county superintendent of public instruction shall make a suitable levy and shall certify the same to the county clerk, who shall enter upon the tax rolls the levy so made by the county superintendent."

The county superintendent made the proper certificate. The county commissioners made a levy of 1.148 mills, and the county superintendent then made a levy of 1.168 mills. On reconsideration, the county superintendent made and certified a levy of 1.35 mills, the legal limit, such levy being necessary to produce the statutory fund. The first levy by the county superintendent was extended on the tax rolls. The county clerk claimed certificate of the second levy reached her too late to permit revision of the tax rolls before delivery to the county treasurer, and the levy of 1.168 mills was collected. The result was the 1925 fund was short, and plaintiff contends the deficit should be made up by proper levy in 1926.

The amount to be raised is the product of $1,200 multiplied by the number of teachers. It is the duty of the county commissioners to make a levy sufficient to produce that sum. If the county commissioners fail to make a levy sufficient to produce that sum, the county superintendent shall make a suitable levy, that is, a levy suitable to produce that sum. (*Board of Education v. Shepherd*, 90 Kan. 628, 633, 135 Pac. 605.) The legislature has determined the needs of the schools, the statute is mandatory throughout, and neither the county board nor the county superintendent has any discretion in the matter.

The duty to raise the county high-school fund for 1925 was not performed, was not discharged by partial performance, and continues until a levy is made which will make up the deficit resulting from the insufficient levy. (*School District No. 6 v. Rooks County*, 115 Kan. 631, 223 Pac. 818.)